UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. HINES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. DAVIS, et al.,<br><br>    Defendants. | Case No. 18-CV-05946 LHK (PR)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Plaintiff, a California state prisoner proceeding *pro se*, filed suit against defendants in state court. On September 27, 2018, defendants filed a notice of removal in this court. On October 12, 2018, plaintiff filed an opposition to the notice of removal. In the opposition, plaintiff states that he alleged claims arising only under state law and thus this court lacks jurisdiction because plaintiff did not raise federal claims in his complaint. On October 26, 2018, defendants filed a response to plaintiff's opposition. In the response, defendants state that defendants do not oppose a remand, but request that any order to remand also dismiss with prejudice any federal claims that are stated or implied in plaintiff's complaint.

It is well-established that a "plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Hunter v. Philip Morris USA*, 582 F.3d

1039, 1042 (9th Cir. 2009) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). Based on plaintiff's assertion that his complaint does not raise a federal claim, the court will construe plaintiff's statements as a voluntary dismissal of any potential federal claims raised therein under Rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a) states that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See* Fed. R. Civ. P. 41(a)(1)(A)(i). A voluntary dismissal under Rule 41(a) is without prejudice, unless the notice or stipulation states otherwise. *See* Fed. R. Civ. P. 41(a)(1)(B). Thus, the court DISMISSES without prejudice plaintiff's potential federal claims raised in his complaint.

With no federal claims presented, this court lacks subject matter jurisdiction. The case will be remanded to state court so that plaintiff may litigate in his chosen forum. *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand *sua sponte* or on motion of a party). The action is REMANDED to the Marin County Superior Court for such other and further proceedings as that court deems proper.

The Clerk shall close the file and send the necessary materials to the Marin County Superior Court for the remand. All further motions must be filed in state court.

**IT IS SO ORDERED.**

DATED: 11/14/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-05946 LHK (PR)
ORDER REMANDING TO STATE COURT

2